LAW OFFICE OF BRIAN L. GREBEN
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LORIS SANCHEZ, on behalf of himself
and others similarly situated,

                            Plaintiff,

        -against-

GOAT FIFTY, LLC d/b/a COCO BISTRO,
"ABC CORPORATION" d/b/a INATTESO PIZZA
BAR, name of the corporation being fictitious and
unknown to Plaintiffs, and FRANK CASANO,

                           Defendants.
-------------------------------------------------------------------X

**CASE NO:**

**COLLECTIVE ACTION AND
<u>CLASS ACTION COMPLAINT</u>**

Plaintiff alleges as follows:

1. Plaintiff, on behalf of himself and all others similarly situated, brings this lawsuit seeking recovery against defendants for defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Plaintiff, on behalf of himself and all others similarly situated, further brings this lawsuit seeking recovery against defendants for defendants' violations of the New York Labor Law, Art. 6, § 190 *et. seq*., and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

3. This lawsuit seeks to recover unpaid overtime compensation, minimum wage pay, spread-of-hours pay, reimbursement of expenses, and statutory penalties for plaintiff and his similarly situated co-workers – i.e. waiters, busboys, runners, bartenders and other "wait staff" – who work or have worked at Coco Bistro located at 36 Peck Slip/235 Front Street New York,

NY 11210[1] and/or Inatteso Pizza Bar, located at 28 Little West Street, Battery Park City, New York, NY 10004.

4. Plaintiff retained the Law Office of Brian L. Greben to represent plaintiff, FLSA Collective Plaintiffs and Class Members in this litigation, and has agreed to pay the firm a reasonable fee for its services.

5. Plaintiff's consent to sue form is attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

6. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in the district because defendants reside in the district, defendants conduct business in the district, and the acts and/or omissions giving rise to the claims herein alleged took place in the district.

## THE PARTIES

8. Plaintiff Loris Sanchez is a resident of New York, New York.

9. Goat Fifty, LLC d/b/a Coco Bistro ("Coco") is a domestic limited liability company organized under the laws of New York, with a principal place of business at 36 Peck Slip/235 Front Street New York, NY 11210.

10. Coco had an annual gross volume of sales in excess of $500,000.00.

11. "ABC Corporation" d/b/a Inatteso Pizza ("Inatteso") is, upon information and belief, a corporate entity organized under the laws of New York, with a principal place of

---

[1] Coco Bistro had a single location with two (2) mailing addresses.

2

business at 28 Little West Street, Battery Park City, New York, NY 10004.

12. Inatteso has an annual gross volume of sales in excess of $500,000.00.

13. Individual defendant Frank Casano is the owner, member and manager of Coco and Inatteso.

14. At all relevant times, Coco, Inatteso, and Frank Casano (collectively, "defendants") have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

15. Frank Casano exercised control over the terms and conditions of the employment of plaintiff at Coco and Inatteso.

16. Frank Casano had the authority to hire and fire employees, and is in charge of budgeting issues at Coco and Inatteso, including payroll.

17. Frank Casano exercised control over Coco and Inatteso's day to day operations, and was actively involved in managing their operations.

18. To the extent defendants retained employment records, Frank Casano exercised control over those records.

19. Defendants are the former and current employers of plaintiff and those similarly situated under the FLSA and the NYLL.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

20. Plaintiff brings and seeks to prosecute his FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b), on behalf of all non-exempt persons currently or formerly employed by defendants, including all employees who were employed by defendants for manual positions including waiters, busboys, runners, and other "wait staff", and any other similarly situated current and former employees holding comparable positions ("FLSA collective plaintiffs"), at any time on or after the date that is three

3

years before the filing of the Complaint in this case as defined herein (the "Collective Action Period").

21. At all relevant times, plaintiff and the FLSA collective plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules, including willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek for work they provided thereafter.  The claims of plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

22. The FLSA Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b).

23. The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to defendants.

## RULE 23 CLASS ALLEGATIONS

24. Plaintiff brings New York State law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt persons employed by defendants, including all non-exempt persons currently or formerly employed by defendants, including all employees who were employed by defendants for manual positions including waiters, busboys, runners, and other "wait staff," and any other similarly situated current and former employees holding comparable positions, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

25. All said persons, including plaintiff, are referred to herein as the "Class." The class members are readily ascertainable. The number and identity of the class members are

determinable from the records of defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from defendants. Notice can be provided by means permissible under said FRCP 23.

26.     The proposed Class is so numerous that joinder of all class members is impracticable, and the disposition of their claims as a Class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are more than fifty (50) Members of the Class.

27.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the class members were subject to the same corporate practices of defendants, as alleged herein, including willfully failing and refusing to pay class members the minimum federal or state minimum wage, and willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek for work they provided thereafter.  Defendants' restaurant-wide policies and practices affected all class members similarly, and defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

28.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff is represented by an attorney who is experienced and competent in both Class Action litigation and employment litigation and has previously represented both plaintiffs and defendants in wage and hour cases.

29.     A Class Action is superior to other available methods for the fair and efficient

adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class Action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to a Class Action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class Action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a Class Action would result in a significant saving of these costs. The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Members of the Class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, Class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a Class Action.

30.     Upon information and belief, defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class Actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these

risks.

31. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to:

(a) Whether defendants properly compensated plaintiffs and class members for overtime by paying them overtime pay for the hours worked in excess of forty (40) hours per workweek within the meaning of New York Labor Law, Art. 6, § 190 *et. seq.*, and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142;

(b) Whether defendants paid plaintiff and the class members the federal and state minimum wage for all hours worked;

(c) Whether defendants reimbursed plaintiff and the class members for expenses they incurred in the course of their work for defendants;

(d) Whether defendants paid employees New York's "spread of hours" premium when their workdays exceeded 10 hours;

(e) The nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

(f) Whether defendants can prove that their unlawful policies were implemented in good faith; and

(g) Whether defendants failed to provide plaintiffs and the Class the requisite wage notices and other documents required under the NYLL.

## **FACTS**

32. Mr. Sanchez began working at Coco in April 2019, and worked there continuously until mid-November, 2022. Coco was a restaurant in downtown Manhattan, and Mr. Sanchez's job duties at Coco included, but were not limited to, working as a waiter and bartender.

7

33. Coco's manager was fired in September 2019, and defendant Casano asked plaintiff to cover the management position until defendants could find a replacement. Although plaintiff did not accept this offer, he agreed to perform a few extra tasks.

34. Defendants began paying plaintiff a weekly salary of $850.00 per week at this time (September 2019). This salary was paid through two weekly paychecks, one of which reported 40 hours per week at $10.00 per week for a total of $400.00 per week, and another that paid $450 per week without specifying hours. The hours described in these paychecks were completely inaccurate and bore no relation to the hours plaintiff actually worked.

35. In reality, during this period (September 2019 through March 2020) plaintiff worked at least seventy two (72) hours per week as follows: from 1:00 pm to 12:00 am on Tuesdays, Wednesdays, and Thursdays; from 1:00 pm to 1:00 am on Fridays; 11:00 am to 1:00 am on Saturdays; and 11:00 am to 12:00 am on Sundays.

36. Coco temporarily closed due to the Covid quarantine in March 2020. It reopened in May 2020, and from the beginning of May through mid-June, 2020, plaintiff worked alone with a busser. During this period, his schedule was similar to what it had been from September 2019 through March 2020, but his weekly salary was raised to $1,620.00. Plaintiff's salary was paid in two weekly checks: one reported 40 hours at a regular hourly rate of $22.50 per hour for a total of $900, and the other reported 32 hours at the same regular hourly rate for a total of $720.00.

37. By June 2020, plaintiff was working at least seventy five (75) hours per week, as he usually worked at least one additional hour over his old schedule on Fridays, Saturdays and Sundays. From June 2020 through March 2022, defendants paid plaintiff a weekly salary of $900.00 plus tips. His salary during this period was paid in single weekly checks reporting 40 hours at a regular hourly rate of $22.50 per hour for a total of $900. The hours reported on his check were slightly more than half the hours he actually worked per week. His tips were paid

8

with a separate check.

38. Defendants did not pay plaintiff an overtime rate of 1.5 times his regular hourly rate for hours he worked after having already worked 40 hours per week, as they were required to do under the FLSA and the NYLL.

39. Defendants did not pay Mr. Sanchez a premium rate for the hours he worked after having already worked forty (40) hours per week.

40. Frank Casano sometimes referred to Mr. Sanchez as a Captain, and occasionally described him as a "manager" when speaking with third parties. In reality, Mr. Sanchez had no managerial authority during at least 80% of each week he spent working for defendants.

41. Defendants knowingly and willfully operated Coco with a policy of not paying the FLSA minimum wage, the New York State minimum wage, or overtime at a rate of 1.5 times each employee's regular hourly rate to plaintiff, FLSA Collective Plaintiffs, and Class Members.

42. Defendants often asked Mr. Sanchez to pay for items Coco needed, such as, *inter alia*, replacing a broken frozen drink machine or paying for musicians who were hired to perform at the restaurant. Mr. Sanchez presented bills and invoices to defendants for reimbursement, but he was never reimbursed for expenses totaling at least $7,200.00.

43. Mr. Sanchez also spent multiple days working on marketing during the course of his time at Coco, doing things like scouting, filming, decorating for holidays, and helping to construct an outdoor lounge, but was not paid any compensation whatsoever for this time.

44. Coco ceased operations on October 30, 2022. Mr. Sanchez worked for over twelve (12) hours on October 31, 2022 and an additional ten (10) hours between November 1 and November 15, 2022 to help close the restaurant out, but was not paid any money whatsoever for this work. To date, defendants have not paid Mr. Sanchez anything for the last day of October and the first half of November 2022.

45. Following the closing of Coco, Casano asked plaintiff to help him at another

restaurant he owned called Inatteso Pizza Bar, located in Battery Park City in lower Manhattan. From November 2022 through January 2023, Mr. Sanchez worked at Inatteso for fifteen (15) hours per week pursuant to a varying schedule. Casano promised plaintiff that he would pay plaintiff $500 per week for this work, but he did not keep his word and never paid plaintiff anything for the work plaintiff did at Inatteso.

46. Mr. Sanchez had no input with respect to the operations of Coco or Inatteso.

47. Mr. Sanchez did not have any input in the hiring, firing or discipline of employees, nor did he exercise judgment in any meaningful respect, at Coco or Inatteso.

48. Mr. Sanchez had no independent discretion in the exercise of his job duties at Coco or Inatteso.

49. Mr. Sanchez's positions with Coco and Inatteso did not qualify for the exemptions proscribed by FLSA or the NYLL and supporting regulations. *See* 12 N.Y.C.R.R. § 146–3.2.

50. Mr. Sanchez was a non-exempt employee within the meaning of the FLSA and NYLL during the entirety of his employment with defendants.

51. At all relevant times, Mr. Sanchez's employment at Coco and Inatteso has been under the direct oversight of the Frank Casano, who was and remains the owner and manager of Coco and Inatteso.

52. At all relevant times, Frank Casano had total operational control over Coco and Inatteso, and was in charge of all hiring/firing. If employees needed a raise or a change in schedule, they would seek approval from Frank Casano.

53. Frank Casano implemented and set the wage and hour policy of Coco and Inatteso, and would reprimand staff if they did not do their work properly.

54. Plaintiff's job duties did not include hiring, firing, scheduling or disciplining of employees. Plaintiff did not set pay schedules of employees. Rather, plaintiff's job duties were

those of non-exempt hourly employees in that plaintiff's duties are void of meaningful independent discretion with respect to the exercise of his duties.

55. Defendants have consistently suffered, permitted and/or instructed plaintiff, FLSA Collective Plaintiffs, and Class Members to work over 10 hours per day. Defendants have not paid plaintiff, FLSA Collective Plaintiffs, and Class Members one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

56. Defendants have not kept accurate records of wages earned or of hours worked by plaintiff, FLSA Collective Plaintiffs and Class Members.

57. Defendants have not furnished accurate records of wages earned or of hours worked by plaintiff, FLSA Collective Plaintiffs and Class Members.

58. Defendants have failed to furnish plaintiff, FLSA Collective Plaintiffs and Class Members with accurate statements of wages, hours worked, rates paid, and gross wages.

59. Defendants have failed to provide proper wage notices at the beginning of employment of plaintiff, FLSA Collective Plaintiffs and Class Members, or thereafter.

## FIRST CLAIM FOR RELIEF

(FLSA Minimum Wage Claims, 29 U.S.C. § 201, et seq.,
Brought by Plaintiff on Behalf of Himself,
the FLSA Collective Plaintiffs and Class members)

60. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

61. At all relevant times, defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, defendants have employed,

11

"employee[s]," including plaintiff, the FLSA Collective Plaintiffs and Class members.

62. Throughout the statute of limitations period covered by these claims, defendants knowingly failed to pay plaintiff the federal minimum wage for each hour worked. Defendants' failure to pay plaintiff, the FLSA Collective Plaintiffs and Class members the minimum wage was willful within the meaning of the FLSA and federal regulations.

63. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Class members, seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq*. Brought by Plaintiff on Behalf of Himself, the FLSA Collective Plaintiffs and Class Members)

64. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

65. Throughout the statute of limitations period covered by these claims, the FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek and continue to do so.

66. At all relevant times, defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the plaintiff, FLSA Collective Plaintiffs and Class Members at one-and-one-half times their regular hourly rates for work in excess of forty (40) hours per workweek, even though plaintiffs, the FLSA Collective Plaintiffs and Class Members have been and are entitled to overtime.

67. At all relevant times, defendants willfully, regularly and repeatedly failed to pay plaintiff, the FLSA Collective Plaintiffs and Class Members at the required overtime rates, one-

and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

68. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

(New York State Minimum Wage Act,
New York Labor Law § 650 et seq. Brought by Plaintiff
on Behalf of Himself, the FLSA Collective Plaintiffs and Class members)

69. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein. Defendants did not pay plaintiff, the FLSA Collective Plaintiffs and Class members minimum wage for all hours worked.

70. Throughout the statute of limitations period covered by these claims, defendants knowingly failed to pay plaintiff the New York State minimum wage for each hour worked. defendants' failure to pay plaintiff, the FLSA Collective Plaintiffs and Class members the minimum wage was willful within the meaning of NYLL § 663.

71. As a result of defendants' willful and unlawful conduct, plaintiff, the FLSA Collective Plaintiffs and Class members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## FOURTH CLAIM FOR RELIEF

(New York Overtime Violations,
NYLL § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. § 146 *et seq.*,
Brought by Plaintiffs, the FLSA Collective Plaintiffs and Class Members)

72. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

73. At all times relevant to this action, plaintiff was an employee and defendants were employers within the meaning of NYLL.

74. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to defendants.

75. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

76. Throughout the class period, defendants willfully, regularly and repeatedly failed to pay plaintiffs, the FLSA Collective Plaintiffs and Class Members at the required overtime rates, one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

77. By failing to pay plaintiffs and the class members overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, the regulations in 12 N.Y.C.R.R., Part 146.

78. As a result of defendants' willful and unlawful conduct, plaintiff, the FLSA Collective Plaintiffs and Class Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**FIFTH CLAIM FOR RELIEF**

(New York Violations, NYLL §§ 195, 198 (1-b) *et seq*.)

79. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

80. Defendants have willfully failed to supply plaintiff and the FLSA Collective Plaintiffs and Class Members with wage notices, as required by NYLL, Article 6, § 195(1), containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

81. Through their knowing and intentional failure to provide plaintiff and the FLSA Collective Plaintiffs and Class Members with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

82. Due to defendants' willful violations of NYLL, Article 6, § 195(1), plaintiff and the FLSA Collective Plaintiffs and Class Members are entitled to statutory penalties for defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SIXTH CLAIM FOR RELIEF**

(New York Violations, NYLL §§ 195, 198 (1-d) *et seq*.)

83. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

84.     Defendants have willfully failed to supply plaintiff and the FLSA Collective Plaintiffs and Class Members with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

85.     Through their knowing and intentional failure to provide plaintiff and the FLSA Collective Plaintiffs and Class Members with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

86.     Due to defendants' willful violations of NYLL, Article 6, § 195(3), plaintiff and the FLSA Collective Plaintiffs and Class Members are entitled to statutory penalties for defendants' failure to provide them with wage notices, plus, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d) .

## SEVENTH CLAIM FOR RELIEF

(New York Violations, NYLL §§ 650 *et seq*.;
N.Y. Comp. Codes R. & Regs. § 146 -1.6 – spread-of-wages pay)

87.     Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

88.     Defendants have failed to pay plaintiff and the FLSA Collective Plaintiffs and Class Members additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workdays – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

89. Through their knowing and intentional failure to pay plaintiff spread-of-hours pay, defendants have willfully violated NYLL, Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations, including N.Y. Comp. Codes R. & Regs. § 146 - 1.6.

90. Due to defendants' willful violations of the NYLL, plaintiff and the FLSA Collective Plaintiffs and Class Members are entitled to recover from defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL and the supporting New York State Department of Labor Regulations, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**EIGHTH CLAIM FOR RELIEF**

(Violation of the Fair Labor Standards Act —Failure to
Reimburse for Expenses Relating to Tools of the Trade; 29 C.F.R. § 531.35)

91. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

92. At all relevant times, defendants had a policy and practice of refusing to reimburse plaintiff, FLSA Collective Plaintiffs and Class Members for expenses incurred in course of their work for defendants including, *inter alia,* replacing a broken frozen drink machine or paying musicians.

93. Defendants failed to reimburse plaintiff, FLSA Collective Plaintiffs and Class Members for expenses incurred in course of their work for defendants including, *inter alia,* replacing a broken frozen drink machine or paying musicians.

94. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to reimburse plaintiff, FLSA Collective Plaintiffs and Class Members for expenses incurred in the course of their employment when defendants knew or should have known such was due.

## NINTH CLAIM FOR RELIEF

(Violation of the New York Labor Law —Failure to Reimburse
for Expenses Relating to Tools of the Trade; 12 N.Y.C.R.R. § 142-2.10)

95. Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, realleges and incorporates by reference all previous paragraphs.

96. At all relevant times, defendants had a policy and practice of refusing to reimburse plaintiff, FLSA Collective Plaintiffs and Class Members for expenses incurred in course of their work for defendants including, *inter alia,* replacing a broken frozen drink machine or paying musicians.

97. Defendants failed to reimburse plaintiffs, FLSA Collective Plaintiffs and Class Members for expenses incurred in course of their work for defendants including, *inter alia,* replacing a broken frozen drink machine or paying musicians. At all relevant times, the defendants had a policy and practice of refusing to reimburse plaintiff, FLSA Collective Plaintiffs and Class Members for expenses incurred in the course of their work for defendants.

98. Defendants knew of and/or showed a willful disregard for the provisions of the NYLL as evidenced by their failure to reimburse plaintiff, FLSA Collective Plaintiffs and Class Members for expenses incurred in the course of their employment when Defendants knew or should have known such was due.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and Members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Members of the FLSA opt-in Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual

Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of plaintiff as a representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a Class Action pursuant to FRCP 23;

D. Designation of plaintiff as representative of the Class;

E. An award of damages, according to proof, including punitive and liquidated damages, to be paid by defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorney's fees, including fees pursuant to 29 U.S.C. § 216, NYLL § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and Class Members, hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: Great Neck, New York
October 25, 2024

LAW OFFICE OF BRIAN L. GREBEN

/s/ Brian L. Greben
_____
Brian L. Greben
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357