UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────

LORIS SANCHEZ,

                **Plaintiff,**          24-cv-8191 (JGK)

     - against -            MEMORANDUM OPINION
                                   AND ORDER

GOAT FIFTY LLC, ET AL.,

                **Defendants.**
──────────────────────────────────

**JOHN G. KOELTL**, District Judge:

The plaintiff, Loris Sanchez, brings this class action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., against Goat Fifty, LLC ("Goat Fifty"), Frank Casano, and Osteria Casano LLC ("Osteria Casano") d/b/a Inatteso Pizza Bar ("Inatteso"). See Compl., ECF No. 1. The plaintiff alleges that the defendants failed to pay the plaintiff or the class members the required overtime premium of one and one-half times the regular rate for hours worked in excess of forty per workweek and failed to pay the applicable minimum wage. See id. ¶¶ 21, 27.

The plaintiff filed the complaint on October 28, 2024. See Compl., ECF No. 1. On January 31, 2025, the plaintiff filed affidavits of service reflecting that Goat Fifty was served on January 16, 2025, and that defendants Casano and Osteria Casano were served on January 23, 2025. See ECF Nos. 12-14. The defendants did not answer or otherwise respond for more than sixty days.

On April 10, 2025, the plaintiff requested a certificate of default, and the Clerk of Court entered a certificate of default the same day. See ECF Nos. 25, 28. On April 15, 2025, the Court issued an order to show cause directing the defendants to explain, by May 5, 2025, why a default judgment should not be entered. See ECF No. 34. The defendants did not respond. On May 13, 2025, the Court found that a default judgment should be entered against the defendants and referred the case to the Magistrate Judge for an inquest on damages. See ECF No. 36. On July 14, 2025, the plaintiff moved for attorney's fees. See ECF No. 41.

On October 24, 2025, the defendants moved to set aside the default. See Defs.' Mot., ECF No. 49. The defendants contend that the plaintiff's process server attempted to serve Eric Lind – the executive chef and operating partner of Osteria Casano – who lacked authority to accept service, and that, after Lind repeatedly refused to accept service, the process server left the papers on the bar and departed without obtaining acceptance from any authorized person. See Lind Aff. ¶¶ 12–15, ECF No. 49, Ex. E. The defendants argue that service was therefore improper and that they received late notice of the action. See Defs.' Mot. 5, 8-10.

The defendants further assert that, once notified of the lawsuit, defendant Casano promptly forwarded the papers to

2

counsel, who repeatedly assured him that the matter was being handled. See Casano Aff. ¶ 14, ECF No. 49, Ex. A. After learning of the default, Casano contacted counsel and was told that counsel's serious health issues had interfered with the representation; shortly thereafter, Casano retained new counsel. See id. ¶¶ 16-17.

For the reasons stated below, the defendants' motion to set aside the default is **granted**; the plaintiff's motion for attorney's fees is **denied**.

I.

The determination of whether to grant a party's motion for a default judgment is within the sound discretion of the district court. See Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). However, "[i]t is well established that default judgments are disfavored. A clear preference exists for cases to be adjudicated on the merits." Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). Default judgments are therefore "reserved for rare occasions" and any "doubt[s] should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96; see also Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981).

The text of Federal Rule of Civil Procedure 55(c) allows an entry of default to be set aside for "good cause," see Fed. R.

3

Civ. P. 55(c), and courts evaluate whether good cause exists by considering "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented," Commercial Bank of Kuwait v. Rafidain Bank, 15 F.3d 238, 243 (2d Cir. 1994); see, e.g., U.S. Fidelity & Guar. Co. v. Petroleo Brasileiro S.A., 220 F.R.D. 404, 406-07 (S.D.N.Y. 2004) (applying these three factors in denying a party's motion for default judgment).

## II.

In this case, the certificate of default and the finding that a default judgment should be entered should be set aside because the "good cause" requirement of Rule 55(c) is satisfied. The Second Circuit Court of Appeals strongly encourages the resolution of cases on the merits, rather than on default. See Pecarsky, 249 F.3d at 174. In this case, the defendants' failure to answer was not willful, and they have identified several valid defenses they intend to assert against the plaintiff's claims.

The plaintiff argues that he has been prejudiced by months of delay. Pl.'s Opp'n 21, ECF No. 52. But "delay alone is not a sufficient basis for establishing prejudice." New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005); see also Berrocal v. Sheet Music Now, Inc., No. 1:19-CV-5123, 2020 WL 4570339, at *2 (S.D.N.Y. Aug. 7, 2020) (setting aside default where the

4

plaintiff identified no prejudice beyond delay). The plaintiff has identified no prejudice other than the delay in the progress of the action for less than a year.

On this record, the Rule 55(c) factors favor vacatur. The defendants have shown good cause, and the motion to set aside the certificate of default and the finding that a default judgment should be entered is **granted**.

Because the plaintiff's motion for attorneys' fees, ECF No. 41, is predicated on the entry of a default judgment – and the finding that a default judgment should be entered has now been vacated – the motion is **denied**.

### CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit. For the reasons explained above, the defendants' motion to set aside the certificate of default (ECF No. 28) and the finding that a default judgment should be entered (ECF No. 36) is **granted**; the plaintiff's motion for attorney's fees is **denied**.

The defendant's request for leave to file a late answer is **granted**. The answer is due by **February 9, 2026.**

5

The Clerk is directed to close all pending motions in this case.

SO ORDERED.
Dated:     New York, New York
           January 9, 2026

_____
           John G. Koeltl
    United States District Judge

6